**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLEVELAND BROTHERS EQUIPMENT CO., INC., | No. 4:19-CV-01708 |
| Plaintiff, | (Judge Brann) |
| v. | |
| GRIGORIY N. VOROBEY, and GRIGORIY N. VOROBEY, d/b/a GVN TRANSPORT, | |
| Defendants / Third-Party Plaintiffs, | |
| v. | |
| MICHAEL A. MILLER, | |
| Third-Party Defendant. | |

## MEMORANDUM OPINION AND ORDER

### JUNE 23, 2020

## I. BACKGROUND

Plaintiff Cleveland Brothers Equipment Co., Inc. moves this Court to bifurcate discovery and trial between liability and damages.[1]  The Court denies Cleveland Brothers' motion.

---

[1]  *See* Doc. 33.

## II.    DISCUSSION

### A.    Legal Standards

Federal Rule of Civil Procedure 42(b) allows a federal district court to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" "[f]or convenience, to avoid prejudice, or to expedite and economize."  A district court has "broad discretion" here.[2]  "The decision to bifurcate" "is left to the trial court's informed discretion and must be decided on a case by case basis."[3]  "The moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties."[4]

The United States Court of Appeals for the Third Circuit has noted that "separation of issues for trial is not to be routinely ordered."[5]  "[B]ifurcation is *appropriate* where litigation of one issue . . . may eliminate the need to litigate a second issue."[6]  But a district court is not compelled to bifurcate where the "issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials."[7]

---

[2]    *Bobrick Washroom Equip., Inc. v. Scranton Prod., Inc.*, No. 3:14-CV-853, 2020 WL 1700429, at *1 (M.D. Pa. Apr. 8, 2020).

[3]    *Hartley-Culp v. Credit Mgmt. Co.*, Civ. A. No. 3:14-CV-282, 2014 WL 4630852, at *3 (M.D. Pa. Sept. 15, 2014).

[4]    *EQT Prod. Co. v. Terra Servs., LLC*, Civ. A. No. 14-1053, 2014 WL 12838677, at *1 (W.D. Pa. Oct. 22, 2014) (internal quotation omitted).

[5]    *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978).

[6]    *In re Bayside Prison Litig.*, 157 F. App'x 545, 547-48 (3d Cir. 2005) (emphasis in original).

[7]    *Id.* at 548.

## B.    Discussion

Cleveland Brothers has failed to carry its burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties.  Thus, this Court will not take the non-"routine[]" step of separating the issues of liability and damages before discovery and trial.

The problem for Cleveland Brothers is that keeping the two issues together will yield considerable returns of judicial economy and convenience for the Court and the parties.  As my colleagues in this District have noted, "[e]very civil trial contains questions of liability and damages."[8]  "[I]ndeed, an element of a negligence claim is that the plaintiff suffered actual damages."[9]  This is a contribution action.[10]  But as Defendants point out, a key issue to unpack in determining liability will be Cleveland Brothers' contributory negligence.[11]

Further, as Defendants note, Cleveland Brothers' contributory negligence is also wound up – or, "closely interwoven" – with the ultimate determination of damages.[12]  It appears that "similar evidence and testimony" would rise to the fore

---

[8]   *Zawicki v. Armstrong*, No. 3:16CV453, 2017 WL 6206290, at *6 (M.D. Pa. Dec. 8, 2017); *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2014 WL 931069, at *2 (M.D. Pa. Mar. 10, 2014).
[9]   *Stemrich*, 2014 WL 931069, at *2.
[10]  *See* Doc. 1 at ¶ 39.
[11]  Doc. 37 at 7-10.
[12]  This is in accord with the Third Circuit's observation that "[i]t can reasonably be suspected that the degree of negligence, the contributory negligence of the plaintiff, and other conduct of the parties are presently reflected, with many juries, in the finding of damages as well as the finding of liability."  *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 n.7 (3d Cir. 1978).

in both the liability and damages determinations.[13]  In determining damages, as

Defendants put it, "the issue of Cleveland Brothers' reckless conduct would also

need to be litigated, perhaps redundantly."[14]  The Court seeks to avoid that

redundancy.[15]

In this case, determining liability and damages together would "serve

judicial economy" and "avoid inconvenience."[16]  As such, the Court denies

Cleveland Brothers' motion to bifurcate.

---

[13]   *Newhouse v. GEICO Cas. Co.*, No. 4:17-CV-00477, 2017 WL 4122405, at *4 (M.D. Pa. Sept. 18, 2017) (Brann, J.).

[14]   Doc. 37 at 10.

[15]   *Compare with Kushner v. Hendon Const., Inc.*, 81 F.R.D. 93, 99 (M.D. Pa.), *aff'd sub nom. Hendon Constr. Inc. v. Naholnik*, 609 F.2d 501 (3d Cir. 1979), and *aff'd sub nom. Kushner v. Hendon Constr. Inc.*, 609 F.2d 502 (3d Cir. 1979) (decision to bifurcate was warranted where "the damage testimony was unrelated to the liability testimony so that bifurcation had the potential of shortening the trial").
Cleveland Brothers contends that "a verdict on the liability issue may render a damages phase either unnecessary in the case of a defense verdict or provide an opportunity to resolve the matter in another forum such as mediation or arbitration."  Doc. 34 at 9.  The Court notes that this is true.  But it seems to hold true regardless of whether liability and damages are bifurcated into separate proceedings.  *See Newhouse*, 2017 WL 4122405, at *5 ("While [movant] previously argued that a lack of finding on the breach of contract claim might obviate the need for litigating the bad faith claim, such an argument would carry through were the claims kept together.")

[16]   *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2014 WL 931069, at *2 (M.D. Pa. Mar. 10, 2014), is illustrative.  In that case—also involving an automobile accident—the Honorable Sylvia H. Rambo held that "the assigning of fact in a collision between an automobile and a tractor trailer" was "not so complicated that a jury needs to consider the issue of liability in a separate proceeding before addressing compensatory damages."  "Furthermore, [Judge Rambo found] that the issues of negligence and consequential damages [were] inextricably linked, such that a bifurcation would quite possibly create needless repetition of presentation of evidence and testimony, costing additional time and resources. Thus, bifurcating liability from consequential damages [was] not an economic use of judicial resources."  The Court finds that this reasoning applies here.  *See also Topline Sols., Inc. v. Sandler Sys., Inc.*, No. CIV. WDQ-09-3102, 2015 WL 4385940, at *8 (D. Md. July 14, 2015).

### III.    CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to

Bifurcate, Doc. 33, is **DENIED**.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge