IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEVELAND BROTHERS EQUIPMENT CO., INC., | No. 4:19-CV-01708 |
| Plaintiff, | (Judge Brann) |
| v. | |
| GRIGORIY N. VOROBEY, and GRIGORIY N. VOROBEY, d/b/a GVN TRANSPORT, | |
| Defendants / Third Party Plaintiffs, | |
| v. | |
| MICHAEL A. MILLER, | |
| Third-Party Defendant. | |

**MEMORANDUM OPINION**

**JANUARY 13, 2021**

## I.   BACKGROUND

Plaintiff Cleveland Brothers Equipment, Co., Inc., ("CBEC") brought this contribution action against Defendants Grigoriy N. Vorobey and Grigoriy N. Vorobey d/b/a GVN Transport (together, "Vorobey"), stemming from settlement payments made by CBEC to victims of a multi-vehicle accident. This contribution action is based on Pennsylvania negligence and predicated on this Court's diversity jurisdiction. Vorobey has moved for summary judgment against CBEC.

The motion is now ripe for disposition; for the reasons that follow, it is denied.

## II.   DISCUSSION

### A.   Standard of Review

I begin my analysis with the standard of review which undergirds summary judgment. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."[1] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[3] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[4] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[5]

---

[1]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[2]   Fed. R. Civ. P. 56(a).
[3]   *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) and *Celotex*, 477 U.S. at 322).
[4]   *Clark*, 9 F.3d at 326.
[5]   *Id*.

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[6] Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[7] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[8] "The judge's inquiry, therefore, unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'"[9] The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions

---

[6] *Liberty Lobby, Inc.*, 477 U.S. at 252.
[7] *Id.*
[8] *Id.*
[9] *Id. (quoting Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).

on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[10] "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[11]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[12] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[13]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would

---

[10] *Celotex*, 477 U.S. at 323 (internal quotations omitted).
[11] *Id.*
[12] *Liberty Lobby*, 477 U.S. at 250.
[13] Fed. R. Civ. P. 56(c)(1).

contradict the facts identified by the movant.'"[14] Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[15] On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[16]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[17] "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[18] "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[19]

### B. Undisputed Facts

With that standard outlining the Court's framework for review, I now turn to the undisputed facts of this matter.

---

[14] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003) (Weis, J.).
[15] Fed. R. Civ. P. 56(e)(2).
[16] Fed. R. Civ. P. 56(c)(3).
[17] *Liberty Lobby*, 477 U.S. at 249.
[18] *Id*.
[19] *Id*. at 249–50 (internal citations omitted).

This matter evolved from a car accident that took place on August 3, 2016 on State Route 15 in Tioga County, Pennsylvania.[20] Shortly before the accident at issue, another accident had taken place in the northbound lanes, involving an overturned pickup truck and camper.[21] Thereafter, CBEC, Vorobey, and other vehicles were driving in the opposite direction in the southbound lanes.[22] CBEC's driver (Keith Bryson) came upon four vehicles that were stopped (or slowing down) in the right lane. At the front of the line was Vorobey, followed by a 2016 Chevrolet driven by Timothy Miller, then a 2008 Ford driven by Andrew Puhlick (also transporting his passenger, Harold Whipple), and finally a 2008 Honda driven by Michael McCollum.[23]

Bryson was preoccupied by a noise emanating from an object in his car and did not turn his attention back to the road in time to stop his car from crashing into Puhlick.[24] A chain reaction followed, whereby all of the cars in the chain were impacted. Michael McCollum and Harold Whipple died as a result of the car crash; Andrew Puhlick was seriously injured.[25] Bryson has admitted his

---

[20] Doc. 43 at 1.
[21] *Id*. at 2.
[22] *Id*.
[23] Doc. 43 at 3; Doc. 49 at 13-14.
[24] Doc. 43 at 4; Doc. 49 at 15.
[25] Doc. 43 at 6.

negligence in contributing to the accident.[26] CBEC settled the underlying claims from the accident and brought this action seeking contribution by Vorobey.[27]

**C.     Analysis**

CBEC claims that Vorobey is liable for contribution based on Vorobey's own negligence. CBEC argues that Vorobey was negligent for stopping traffic in the right lane of Route 15. Vorobey has moved for summary judgment, suggesting that it owed CBEC no duty of care, and that any negligence on its part was not a proximate cause of the car crash.

Vorobey's argument fails for two reasons. First, it is axiomatic in Pennsylvania that every driver owes other drivers a duty of reasonable care.[28] Second, I find that this Court is not in a position to remove the question of causation from a jury in this matter.

Vorobey's argument on proximate causation requires more consideration, because it is clear, and already admitted, that CBEC's negligence was a cause of the accident. In the first instance, CBEC's negligence does not preclude a finding

---

[26]  Doc. 49 at 15.
[27]  Doc. 49 at 17.
[28]  *See, e.g.*, *Brown v. U.S.*, 2008 WL 2704615 at *7 (M.D. Pa. July 7, 2008) ("As to the first element of negligence, it is clear that all motorists have a duty to exercise reasonable care in the operation of their vehicles."); *Petit v. Penske Truck Leasing Corp.*, 2019 WL 1571067 at *2 (M.D. Pa. Apr. 11, 2019) ("It is axiomatic that, as a motorist, Herman owed Michael, Gayle, and Edward Petit a duty of reasonable care."); *Sellers v. Township of Abington*, 67 A.3d 863, 874-75 (Pa. Cmmw. Ct. 2013) (Leavitt, J., dissenting).

that Vorobey was also negligent. Pennsylvania is a comparative negligence state, which allows juries to apportion liability when more than one party is at fault.[29]

To sustain a negligence claim against Vorobey under Pennsylvania law, CBEC must prove, *inter alia*, factual and proximate causation. Factual causation, which does not appear to be contested here, is "a *de minimis* standard ... under which even the most remote and insignificant force may be considered the cause of an occurrence,"[30] and requires "proof that the alleged injury would not have occurred but for the negligent conduct of the defendant."[31] Proximate causation, which "assumes the presence of cause in fact and serves as a means by which courts are able to place practical limits on liability as a matter of policy," requires "the alleged wrongful acts [to be] a substantial factor in bringing about the plaintiff's harm."[32]

Vorobey largely relies on a Pennsylvania Superior Court case entitled *Lux v. Gerald E. Ort Trucking, Inc.*.[33] That case provides an excellent example of action that is so remote from the alleged injury that it cannot fairly be described as a

---

[29] 42 Pa.C.S. § 7102.
[30] *General Refractories Company v. First State Insurance Co.*, 855 F.3d 152, 161 (3d Cir. 2017) (quoting *Takach v. B.M. Root Co.*, 420 A.2d 1084, 1086 (Pa. Super. 1980)).
[31] *Galullo v. Fed. Exp. Corp.*, 937 F. Supp. 392, 394-95 (E.D. Pa. 1996) (citing *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990)); see also *First v. Zem Zem Temple*, 686 A.2d 18, 21 n.2 (Pa. Super. 1996) ("In Pennsylvania, a negligent act is a cause-in-fact of the plaintiff's injuries 'if the harmful result would not have come about but for the negligent conduct.'").
[32] *Galullo*, 937 F. Supp. 392, 394-95.
[33] 887 A.2d 1281 (Pa. Super. 2005).

substantial factor in causing the injury. In that case, two car accidents took place. Lux, an officer responding to the first accident was involved in a second accident when another driver fell asleep and hit his vehicle.[34] Lux sued the parties to both accidents, and argued that the negligence of Ort Trucking (which was involved in the first accident) was a substantial factor in causing his injuries during the second accident.[35] The trial court rejected this theory, and the Superior Court properly affirmed.[36] The Superior Court held that the negligence of the driver who caused the first accident was too remote from the conduct that caused the second accident, where Lux was actually injured.[37]

That is not this case. *Lux* would be a proper comparator if CBEC were suing the owner of the overturned pickup truck and camper (the "first accident"), but CBEC is suing a party involved in the same accident. Additionally, the sort of mental gymnastics required to imagine proximate cause in *Lux* are not needed here. Vorobey's conduct was not nearly as removed from the injury in this case.

Vorobey's argument, that summary judgment is appropriate whether or not there was debris in the road, falls flat; the answer to that question can ostensibly go to both the issues of breach and causation. "Sudden stoppage of a vehicle on the

---

[34] *Id*.
[35] *Id*.
[36] *Id*.
[37] *Id*.

roadway in adverse weather conditions, such as those alleged in this case, may create factual issues surrounding the proximate cause of an accident involving rear-end collisions behind the stopped vehicle."[38] It appears that the sudden stoppage of a vehicle on a roadway in the aftermath of another collision might likewise create factual issues surrounding proximate cause.

Finally, in its reply brief, Vorobey notes that at least two of the cases CBEC relies on involved situations where the entire roadway was blocked by stopped cars.[39] While the Court acknowledges that this difference may be important, that argument is better directed to a fact-finder, rather than resolved at summary judgment. There are facts in the record that would allow a reasonable jury to conclude that Vorobey's actions created a blockage on the southbound side of Route 15, and that this blockage was a substantial factor in causing the accident. "Whether a party's conduct has been a substantial factor in causing injury to another is ordinarily a question of fact for the jury."[40] The Court does not see such compelling reasons to find otherwise in this matter.

---

[38] *Doland v. Berrios*, 2014 WL 3809962 at *3 (M.D. Pa. Aug. 1, 2014); *see also Gensemer v. Williams*, 419 F.2d 1361, 1362 (3d Cir. 1970).
[39] Doc. 50.
[40] *See Vernon v. Stash*, 532 A.2d 441, 446 (Pa. Super. 1987) (explaining that causation can be removed from the jury "only where it is so clear that reasonable minds cannot differ on the issue") (citations omitted).

## III. CONCLUSION

Vorobey's motion for summary judgment is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge